IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Johnnie Mitchell, | ) | C.A. No. 3:06-629 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| David Sands, Prison Industries Supervisor; | ) | |
| and Appalachian Engineered Floors, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action, seeking relief pursuant to Title 42, United States Code, Section 1983, was filed by Plaintiff Johnnie Mitchell ("Plaintiff") on March 21, 2006. (Doc. #1). Defendants David Sane, Prison Industries Project Supervisor for the South Carolina Department of Corrections, and Standard Plywoods, Inc. ("Defendants"), incorrectly identified as David Sands, Prison Industries Supervisor, and Appalachian Engineered Floors in the Plaintiff's complaint, filed an answer on April 17, 2006. (Docs. #10, 12). On July 21, 2006, the Defendants filed the pending motion for summary judgment. (Doc. #19). As the Plaintiff is proceeding *pro se*, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 27, 2006, advising the Plaintiff of the importance of a motion for summary judgment. (Doc. #20). The Plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Id. The Plaintiff filed a response on October 2, 2006. (Doc. #26). On January 26, 2007, Magistrate Judge Joseph R. McCrorey, to whom this matter had been previously assigned, issued a Report and Recommendation ("the Report") in this case recommending that the

1

Defendants' motion for summary judgment be granted. (Doc. #28). On February 9, 2007, the Plaintiff timely filed objections to the Report. (Doc. #29). This matter is now before the Court for review of the Report issued by the Magistrate Judge.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has carefully reviewed the Report, the objections thereto, and the memoranda, case law, and exhibits filed in this case. The Court elects to accept the Report.

Therefore, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED.** (Doc. #28). Accordingly, the Defendants' motion for summary judgment is **GRANTED**. (Doc. #19).

**IT IS SO ORDERED**.

S/ Terry L. Wooten

Terry L. Wooten
United States District Judge

February 28, 2007
Florence, South Carolina

2